REPUBLIC STEEL CORPORATION, UNITED STATES STEEL CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES OF AMERICA AND U.S. INTERNATIONAL TRADE COMMISSION, DEFENDANTS, AND COMPANHIA SIDERURGICA PAULISTA (COSIPA), ET AL., DEFENDANT-INTERVENORS

Consolidated Court No. 82–3–00372

Before WATSON, *Judge.*

*Cravath, Swaine and Moore (Alan J. Hruska)* for plaintiffs Republic Steel Corporation, Inland Steel Company, Jones and Laughlin Steel Incorporated, National Steel Corporation, and Cyclops Corporation.

*Law Department of United States Steel Corporation (D. B. King, J. J. Mangan,* and *L. Ranney)* for plaintiffs United States Steel Corporation.

*United States International Trade Commission, Office of the General Counsel (Michael H. Stein,* General Counsel; *Warren Maruyama,* attorney) for defendants United States of America and United States International Trade Commission.

*Wald, Harkrader and Ross (Christopher Dunn* and *Arthur J. Lafave III)* for defendent-intervenors Companhia Siderurgica Paulista (COSIPA), Usinas Siderurgicas de Minas Gerais (USIMINAS), Companhia Siderurgica Nacional (CSN), Acos Villares, S.A., Siderurgica Nossa Senhora Aparecida S.A., Acos Finos Piratini S.A., Companhia Acos Especias Itabira (ACESITA) and Acos Anhanguera S.A.

WATSON, *Judge:* Plaintiffs Republic Steel Corporation, Inland Steel Company, Jones and Laughlin Steel Incorporated, National Steel Corporation and Cyclops Corporation moved on May 2, 1983, and defendant-intervenors Companhia Siderurgica Paulista (COSIPA), Usinas Siderurgicas de Minas Gerais (USIMINAS), Companhia Siderurgica Nacional (CSN), Acos Villares, S.A., Siderurgica Nossa Senhora Aparecida S.A., Acos Finos Piratini S.A., Companhia Acos Especias Itabira (ACESITA) and Acos Anhanguera S.A. moved on May 4, 1983, for access to certain documents in the administrative record that have been designated "business confidential." On May 17, 1983, plaintiff United States Steel Corporation filed an opposition to both of the aforementioned motions for access, objecting to the release of customer names and addresses contained in responses to U.S. International Trade Commission

(ITC) questionnaries, and characterizing the intervenors' request for access as premature and overly broad.

The Court is of the view that U.S. Steel Corporation lacks standing to object to the intervenors' motion for access to parts of the administrative record of the Brazilian carbon steel investigations. U.S. Steel was originally a party only to Court No. 82-7-01053, seeking review of the ITC's preliminary negative injury determination involving cold-rolled sheet steel from the Republic of Korea. The Court's subsequent orders consolidating that case with three other actions challenging ITC deteminations with respect to steel from Spain and Brazil did not expand U.S. Steel's status or rights to include them as a party in the appeals of the Spanish and Brazilian determinations. *Johnson* v. *Manhattan Ry. Co.,* 289 U.S. 479, 496–497 (1933); *Katz* v. *Realty Equities Corp. of N.Y.,* 521 F.2d 1354 (2d Cir. 1975).

Nonetheless, U.S. Steel does have a significant interest in maintaining the confidentiality of the customer information it submitted to the ITC during the investigations leading to the various determinations now under review in this consolidated action. Therefore, pursuant to Rule 1(a) of this Court, and under its general powers to transform a motion in the interests of justice, the Court has entertained U.S. Steel's objection to the release of its customer information, not as a party, but rather as a respondent to the ITC's investigative questionnaries, which has been granted leave to appear specially on the question of customer names and addresses. The Court regards this type of information as particularly sensitive, given the potential for competitive harm to the submitter upon disclosure. Disclosure should be withheld unless particularly justified.

In all other respects, U.S. Steel's opposition will not be entertained.

Accordingly, it is hereby

ORDERED that plaintiffs' and defendant-intervenors' motions for access are hereby granted subject to the following terms and conditions:

1. The Clerk of the Court is directed to take such steps as are necessary to insure that the names and addresses of customers of United States Steel Corporation on the questionnaire responses of United States Steel Corporation are not disclosed.

2. Documents contained in the administrative record filed by the defendant United States International Trade Commission, which have been designated as "business confidential" shall be made available to the attorneys of record for plaintiffs Republic Steel Corporation, Inland Steel Company, Jones & Laughlin Steel Incorporated, National Steel Corporation and Cyclops Corporation at the Courthouse for inspection and copying no later than five working days from the date of entry of this order.

3. The documents identified on the attached appendix shall be made available to William H. Barringer, Christopher Dunn, and Arthur J. Lafave III, attorneys in the law firm of Wald, Harkrader and Ross, counsel for Companhia Siderurgica Paulista (COSIPA), Usinas Siderurgicas de Minas Gerais (USIMINAS), Companhia Siderurgica Nacional (CSN), Acos Villares, S.A., Siderurgica Nossa Senhora Aparecida S.A., Acos Finos Piratini S.A., Companhia Acos Especias Itabira (ACESITA) and Acos Anhanguera S.A. at the Courthouse for inspection and copying no later than five working days from the date of entry of this order.

4. All information not otherwise available in the public portion of the administrative record shall be considered as confidential.

5. The above-described attorneys (hereafter "Attorneys") shall not disclose the information to anyone (including any officer, shareholder, director, or employee of any of the parties in this matter) other than their *immediate* office personnel actively assisting in this litigation, or in administrative proceedings resulting from an order of this Court in this litigation, or in any remand or appeal of this matter. The Attorneys and their immediate office personnel shall neither disclose nor use any of the confidential information for purposes other than this litigation or in administrative proceedings resulting from an order of this Court in this litigation, or in any remand or appeal of this matter.

6. The Attorneys shall cause all office personnel authorized to see the confidential information to sign a statement of acknowledgement that the information is confidential and that such information will not be disclosed to anyone other than authorized personnel.

7. The Attorneys shall not make more than (5) copies of any document that is deemed "Confidential" pursuant to this Order. A record shall be maintained of each copy made, to whom they are provided and when they are returned.

8. Whenever any document subject to the protective order is not being used, it shall be stored in a locked vault, safe, or other suitable container.

9. All such copies shall be clearly marked as containing confidential information and that they are to be returned at the conclusion of this litigation.

10. If counsel for any party wishes to consult with any expert for purposes of evaluating the confidential information, and thus disclose it to such expert, leave therefore must be obtained from the Court by motion (any opposition to which must be served by express mail and filed within five days). Such experts, if approved, shall agree not to disclose the confidential information to anyone other than to the counsel who consulted with them or to that counsel's authorized office personnel, and then for purposes of this litigation only. Any expert so consulted shall first sign a statement submitting himself or herself to the jurisdiction of the U.S. Court

of International Trade and to such reasonable sanctions as this Court may deem appropriate in the event of a breach of the conditions of this order.

11. Any documents, including briefs and memoranda, containing any of the confidential information subject to this order, which are filed with the Court in this case or used for any other purpose, shall be conspicuously marked as containing confidential information which is not to be disclosed to the public, and arrangements shall be made with the Clerk of this Court to retain such documents under seal, permitting access only to the Court, Court personnel authorized by the Court to have access, and attorneys of record for the parties. Copies of all the foregoing documents, but the confidential information deleted, shall be filed with the Court at the same time that the documents containing the confidential information are filed.

12. Any briefs or memoranda containing confidential information shall be served on the other parties in a wrapper conspicuously marked on the front "Confidential" and shall be accompanied by a separate copy from which the confidential information has been deleted.

13. Upon conclusion of this litigation, the Attorneys shall return all documents containing confidential information and all copies made of such documents, including any documents or copies held by persons authorized under this order to have access thereto, except for copies which contain work notes of the Attorneys or other authorized persons, which copies shall be destroyed. The return of such documents shall be accompanied by the record required to be maintained under paragraph 7 of this Order, and a certificate executed by an attorney of record attesting that the provisions of this paragraph have been complied with in all respects.

14. Nothing herein shall be deemed to constitute any waiver by the parties of their right to contest the asserted confidentiality of any document.

15. The Attorneys shall promptly report any breach of the provisions of this Order to the Court.

#### Appendix—List of Documents Accessible to Intervenors Under Judicial Protective Order

The following documents in the Administrative Record to *Certain Steel Products from Belgium, Brazil, France, Italy, Luxembourg, The Netherlands, Romania, the United Kingdom, and West Germany,* Inv. Nos. 701–TA–86 through 144, 701–TA–146, and 701–TA–147 (Preliminary).

Date

a. *Confidential* Petition of U.S. Steel for Belgium, West Germany, The Netherlands, United Kingdom, Luxembourg, Brazil, Italy, Spain, and South Africa (82/01/13 757K).................................................................. 82/01/11

b. *Confidential* Petition of Republic Steel, Inland Steel Corporation and Cyclops Corporation on steel products from foreign countries (82/01/15 790K). ............................................................................................. 82/01/11

c. Submission filed by Anderson of Cravath Swaine & Moore. *Confidential* being cleared 82-22. Confidential information (82/01/27 1088K). ...... 82/01/26

d. Testimony by Stewart of Stewart. *Confidential.* Being cleared 82-24. Request for confidential treatment of business confidential information. ............................................................................................................ 82/02/03

e. Post conference brief and appendix filed by Gold of Cravath, Swaine & Moore on behalf of Republic Steel Corporation. *Confidential.* (82/02/110 221L)/.............................................................................................. 82/02/09

f. Supplement filed by Stewart of Eugene L. Stewart on behalf of Armco, Inc. *Confidential.* Supplement to testimony of Armco, Inc. at the public conference Feb. 3–4, 1982 regarding hot rolled carbon and alloy bars (82/02/10 236L).......................................................................... 82/02/10

g. Memo Inv–F–016 filed by Fry of Director of Investigations. *Confidential* Memo Regarding Part III of the Staff Report (82/02/22 550L). .......... 82/02/18

## h. *Producer's Questionnaires* (in their entirety).

| Document No. | Firm |
|---|---|
| 37 (196483) | Ameron Steel and Wire Division. |
| 38 (196484) | Ampco-Pittsburgh Corporation. |
| 39 (196485) | Armco Inc. |
| 40 (196487) | Atlantic Steel Company. |
| 41 (196491) | Baron Drawn Steel Corporation. |
| 42 (196492) | Bethlehem Steel Corporation. |
| 43 (196502) | CF&I Steel Corporation. |
| 44 (196511) | Cyclops Corporation. |
| 45 (196515) | Ford Motor Co. (Steel Division). |
| 46 (196523) | Inland Steel Co. |
| 47 (196525) | Interlake Inc. |
| 48 (196530) | Jones & Laughlin Steel Inc. |
| 49 (196532) | Judson Steel Corporation. |
| 50 (196535) | Keystone Consolidated Industries, Inc. |
| 51 (196538) | LaSalle Steel Company. |
| 53 (196547) | Moltrup Steel Products Company. |
| 54 (196550) | National Steel Corporation. |
| 55 (196553) | Northwestern Steel & Wire Co. |
| 57 (196560) | Phoenix Steel Corp. |
| 58 (196564), (196564) (supp.) | Republic Steel Corp. |
| 59 (196565) | Roanoke Electric Steel Corp. |
| 60 (196570) | Stanadyne, Inc. |
| 61 (196578) | The Timken Company. |
| 62 (196580) | United States Steel Corporation. |

i. *Producer's Questionnaires* (Information relating to lost sales only).

| Document No. | Firm |
|---|---|
| 52 (196542) ............................................ | Lukens Steel Company. |
| 56 (196556) ............................................ | Oregon Steel Mills. |

j. *Importer's Questionnaires.*

| Document No. | Firm |
|---|---|
| 1 (196384) ............................................ | Artco Steel Corporation. |
| 6 ............................................ | C. Tennant & Sons, Inc. |
| 9 (196457) ............................................ | Delta Steel, Inc. |
| 14 (196473) ............................................ | Honsa World Cargo Service, Inc. |
| 22 (196438) ............................................ | Mitsubishi International Corp. |
| 25 (596447) ............................................ | Pan American Trade Development Corporation. |
| 31 (196416) ............................................ | Thyssen, Inc. |

k. Lost sales notes of the Commission investigator (Document No. 128).